WILLIAM COOMBS and others, appellants from the COUNTY COMMISSIONERS of Franklin County.

Franklin. Opinion June 7, 1880.

*Ways—time of opening.* *R. S., c. 18, § 27.*

The time of opening a road must run from the final action of the tribunal having jurisdiction. While the result is in doubt, or controversy, the town is not required to act, nor are the county commissioners required to intervene.

ON EXCEPTIONS.

On the thirty-first day of December, A. D. 1869, a certain highway was laid out by the county commissioners on petition of appellants in the towns of Farmington and Strong, and two years from December 17, 1870, were allowed to open and make said road. Subsequently, before the road was built, or any thing done towards building it, the county commissioners discontinued said highway. The petitioners appealed and a committee was

appointed who reversed the decision of county commissioners and ordered the road built. Exceptions were allowed to the acceptance of the report of the committee, which exceptions were overruled by the full court. At the March term, 1879, the appeal being brought forward on the docket, a motion was filed that the appeal be dismissed for the reason that more than six years have elapsed since the time allowed for opening on the original petition.

The justice presiding overruled this motion.

To this ruling and adjudication, dismissing and overruling the motion, the inhabitants of the town of Farmington, and the inhabitants of the town of Strong excepted.

*H. L. Whitcomb*, for the plaintiff.

*S. Belcher* and *S. Clifford Belcher*, for the inhabitants of Farmington and Strong.

The exceptions show that all proceedings were closed December 17, 1870, and two years from that date were allowed to open and make said road. That time expired December 17, 1872. When a way is laid out by commissioners, it is to be regarded as discontinued, if not opened within six years from the time allowed therefor. R. S., c. 18, § 27.

That time had elapsed, when the motion was filed in this case, and the road should have been regarded as discontinued. *State* v. *Cornville*, 43 Maine, 427; *State* v. *Madison*, 59 Maine, 538, 542.

APPLETON, C. J. By R. S., c. 18, § 27, when a town, private, or highway is laid out by the county commissioners, "the way is to be regarded as discontinued, if not opened within six years from the time allowed therefor."

By § 28, "when a town or highway is not opened and made passable by the town liable, within the time prescribed therefor by the commissioners, they may after notice to the town, cause it to be done by an agent, not one of themselves, on petition of those interested."

In this case an appeal was had from the laying out of the commissioners, and upon such appeal the highway was discon-

tinued. An appeal was had from the decision, discontinuing the highway, and that decision was reversed and the highway ordered to be built.

Towns are punishable by information for not opening highways newly laid out, as well as for not subsequently keeping them in repair. *Maine* v. *Kittery*, 5 Maine, 254. Now a town could not be indicted for not opening a road which had been discontinued. Neither, in such case, would the county commissioners intervene to appoint an agent to open a road which they had discontinued.

The original proceedings were vacated by the subsequent action of the parties litigant. The time for opening a road must run from the final action of the tribunal having jurisdiction. While the result is in doubt and in controversy, neither the town is required to act nor are the county commissioners to intervene.

*Exceptions overruled.*

BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.